NOURSE & BOWLES, LLP
Attorneys for Plaintiff
SMT SHIPMANAGEMENT & TRANSPORT LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
SMT SHIPMANAGEMENT & TRANSPORT LTD.,

           Plaintiff,

        - against -

TRANSPORTES COAL SEA DE VENEZUELA C.A.,
           Defendant.

-----------------------------------------------------------------X

07 Civ.     (   )

**VERIFIED COMPLAINT**

Plaintiff, SMT Shipmanagement & Transport Ltd. ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant, Transportes Coal Sea De Venezuela C.A., ("Defendant"), alleges as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was a corporation or other business entity organized and existing under the laws of Cyprus and at all relevant times the agent and/or manager of the M/V SOMERSET ("Vessel").

3. On information and belief, at all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of Venezuela.

4. In February 2001, defendant's barge TCSV-2 ("the Barge") sank while coal was being transferred from the Barge onto the Vessel in Venezuela. Defendant arrested the Vessel in Venezuela in April 2001 as security for its claims. To release the Vessel from arrest, alternate security was placed on behalf of the Vessel and on behalf of Plaintiff. Plaintiff and Defendant simultaneously agreed that any and all disputes arising out of the sinking of the barge would be arbitrated in New York.

5. That agreed arbitration was conducted resulting in an Award in favor of Plaintiff and denial of Defendant's claim. That award was confirmed by an Opinion and Order of Judge Karas dated January 9, 2007, which simultaneously dismissed Defendant's Motion to Vacate the Award. Defendant has appealed from that Opinion and Order to the Court of Appeals. But Defendant has not posted a Supersedeas Bond. The appeal has been fully briefed. Oral argument has not yet been scheduled. An Amended Judgment was entered in favor of Plaintiff in the amount of $784,199.14 which includes interest through February 9, 2007 plus $122.49 per day thereafter.

6. Despite due demand and efforts by Plaintiff, the Defendant has not yet paid or secured the Amended Judgment in any form or manner.

7. By reason of the foregoing premises, Plaintiff seeks process of maritime attachment and garnishment against Defendant respecting its unsecured Amended Judgment[1] of $810,779.47 as of September 14, 2007.

8. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this District consisting of cash, funds, freight, hire or credits, including but not limited to electronic fund transfers, in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplement

---

[1] (Amended Judgment is for $784,199.14 which includes interest through February 9, 2007 plus $122.49 per day thereafter).

Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing to or otherwise the property of the Defendant up to the amount of $810,779.47 to secure Plaintiff's Amended Judgment, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

C.  That such property attached pursuant to the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's Amended Judgment; and

D.  That Plaintiff have such other, further and different relief as may be just and proper.

Dated:  New York, New York
        September 20, 2007

NOURSE & BOWLES, LLP
Attorneys for Plaintiff

By: _____
    John P. Vayda (JV-0339)
    One Exchange Plaza
    At 55 Broadway
    New York, NY  10006-3030
    (212) 952-6200

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

JOHN P. VAYDA, being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff and/or my involvement in the underlying proceeding.

This verification is made by me because plaintiff is a foreign corporation.

_____

Sworn to before me this
20th day of September, 2007

_Karlene S. Jackson_
Notary Public

Karlene S. Jackson, Notary Public
State of New York, #01JA5083169
Qual. in Queens City, New York
Commission Expires November 17, 2009