07 CIV 8213

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
SMT SHIPMANAGEMENT & TRANSPORT LTD.
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
SMT SHIPMANAGEMENT & TRANSPORT LTD.,

                Plaintiff,

                - against -         07 Civ.    ( )

TRANSPORTES COAL SEA DE VENEZUELA C.A.,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR AN ORDER OF
MARITIME ATTACHMENT AND GARNISHMENT
PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL
RULES FOR CERTAIN ADMIRALTY AND MARITIME
CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

PRELIMINARY STATEMENT

Plaintiff, SMT Shipmanagement & Transport Ltd. ("Plaintiff") respectfully submits this Memorandum of Law in support of its application for an order directing the Clerk of the Court to issue Process of Maritime

Attachment and Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in the amount of $810,779.47 in connection with Plaintiff's admiralty and maritime claims for costs required to defend itself from arbitration brought by Transportes Coal Sea De Venezuela C.A. alleging that Plaintiff wrongfully sank Defendant's barge.

## STATEMENT OF FACTS

In February 2001, Defendant's barge TCSV-2 ("the Barge") sank while coal was being transferred from the Barge onto the Vessel in Venezuela. Defendant arrested the Vessel in Venezuela in April 2001. To release the Vessel from arrest, alternate security was placed on behalf of the Vessel and on behalf of Plaintiff. Plaintiff and Defendant simultaneously agreed that any and all disputes arising out of the sinking of the Barge would be arbitrated in New York.

That agreed arbitration was conducted resulting in an Award in favor of Plaintiff and denial of Defendant's claim. That award was confirmed by an Opinion and Order of Judge Karas dated January 9, 2007, which simultaneously dismissed Defendant's Motion to Vacate the Award. Defendant has appealed from that Opinion and Order to the Court of

Appeals. But Defendant has not posted a Supersedeas Bond. The appeal has been fully briefed. Oral argument has not yet been scheduled. An Amended Judgment was entered in favor of Plaintiff in the amount of $784,199.14 which includes interest through February 9, 2007 plus $122.49 per day thereafter.

## ARGUMENT

### AN ORDER AUTHORIZING THE ISSUANCE OF PROCESS OF MARITIME ATTACHMENT SHOULD BE GRANTED PURSUANT TO SUPPLEMENTAL RULE B(1) TO ALLOW ATTACHMENT OF DEFENDANT'S ASSETS IN THE HANDS OF NON-PARTIES TO THIS ACTION

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B(1)"), specifically permits attachment in admiralty or maritime cases whenever the defendant cannot be "found" within the district:

> With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's good and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or the plaintiff's attorney that, to the affiant's knowledge, or to the best of the affiant's

information and belief, the defendant cannot be found within the district. The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.

### Plaintiff's Claim is Maritime

Plaintiff's claim is within the admiralty and maritime jurisdiction of this Court as it is a claim on a judgment for costs incurred in defending itself on a maritime claim; specifically, an arbitration brought by Defendant that Plaintiff allegedly wrongly sank Defendant's barge. See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987); Proton Shipping Inc. v. Sovarex, S.A., 2006 U.S. Dist. LEXIS 2389 (S.D.N.Y. 2006). In Proton the court first granted, then sustained, a Rule B Attachment in favor of plaintiff for, among other things, an arbitrators' award for costs of $112,278 (which interestingly was for more than twice the amount of the claim) plus interest. The Proton court found that the arbitration award for costs, as well as other aspects of the award "are maritime in nature." (Proton, supra) As Plaintiff has a maritime claim, it is entitled to a maritime attachment pursuant to Supplemental Rule B(1) against all assets and property (up to the amount of the claim) belonging to

Defendant which may be situated within this District "if the defendant[s] shall not be found within the District." Supplemental Rule B(1).

Plaintiff is entitled to use the Rule B procedures both post award and post judgment. In Proton, the court allowed, and then sustained, Plaintiff's use of Rule B procedures when it already had in hand an English High Court judgment and two arbitration awards for maritime claims. The court concluded that "as such, they are part of Proton's "claim" and appropriate for both attachment and enforcement." Proton, supra Similarly in Land, Air & Sea Transport v. El Nasr Mining Co., 2007 U.S. Dist. LEXIS 61445 (S.D.N.Y. August 16, 2007), the court recently granted a Rule B attachment (a) after an arbitration award had already been entered and (b) where the complaint simultaneously sought confirmation of the award. See also Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd., 384 F. Supp. 2d 726 (S.D.N.Y. 2005) (rev'd other grounds) (noting that the defendant's need to use the world's financial markets regularly ensures that attachment of EFT's will be as available post-judgment as it has been prejudgment).

### Defendant Cannot Be Found Within District

For purposes of Supplemental Rule B(1), the term "found within the

district" presents a two-pronged inquiry. An attachment is permissible if the defendant cannot be found within the district for (1) jurisdictional purposes and (2) service of process. See Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963); see also 29 Moore's Federal Practice § 705.02[2][b] (Matthew Bender 3d ed.). As is explained in the accompanying affidavit of John P. Vayda, both prongs of this inquiry are met by the facts in this matter.

1. The Defendant is not found within the District for jurisdictional purposes as; (a) The Defendant is not subject to jurisdiction within the District under CPLR § 301 since it has not engaged in a continuous and systematic course of doing business, and (b) Defendant is not subject to jurisdiction in the District under CPLR § 302 as none of its contacts with the jurisdiction fall within those enumerated by the statute, which supply the jurisdictional basis. Further, Defendant's contacts with the District fail to satisfy the constitutional requirements for jurisdiction as set forth by International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. See Dragonfly Shipping Co., Ltd. v. Canadian Forest Navigation Co., Ltd., 1989 U.S. Dist. LEXIS 13748 (S.D.N.Y. 1989) (noting that International Shoe requires that the cause of action arise from

either the defendant's contacts with the state, or the defendant must be engaged in systematic and continuous activity within New York such that subjecting defendant to the exercise of jurisdiction, would not offend "traditional notions of fair play and substantial justice").

    2.    The Defendant, factually, cannot be found within the District for service of process.

Accordingly, Defendant cannot be found within this District Court for Rule B purposes, and issuance of an order of maritime attachment is proper.

Application for a maritime attachment is <u>ex parte</u> and no advance notice is required.

As stated in the 1966 Advisory Committee Notes to Supplemental Rule B, no notice was provided for because "[n]one is required by the principles of due process, since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant." In their comments on the 1985 Amendment, the Committee noted that Supplemental Rule B was amended to provide for

judicial scrutiny before the issuance of the attachment "to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court . . . ." Further:

> The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated.

Id.

Service of a writ of maritime attachment is not the same as an actual attachment. If there is no property in the garnishee's hands, there is no attachment, and therefore no requirement for notice under Local Rule B.2. If Rule B.1[1] was interpreted to require notice before any property was actually seized, that would enable a defendant to divert its funds and thus defeat the very purpose of maritime security in a case against a foreign or transient defendant. This case is a prime example of a plaintiff requiring security.

---

[1] Local Admiralty Rule B.1 "Affidavit That Defendant Is Not Found Within the District," states:
> The affidavit required by Supplemental Rule B(1) to accompany the complaint and the affidavit required by Supplemental Rule B(2)(c), shall list the efforts made by and on behalf of the plaintiff to find and serve the defendant within the district.

The Defendant is a Venezuelan Corporation with no presence, office or officers in the United States and no identifiable assets or bank accounts within the United States. Moreover, Defendant has purposefully failed to post a supersedeas bond although Defendant has availed itself of the right to appeal to the Court of Appeals for the Second Circuit. Defendant has done nothing in good faith to assure the Plaintiff that it will satisfy the Amended Judgment rendered against it. These factors point directly to the Plaintiff's need for security, because if no security is obtained, recovery of the Amended Judgment is highly unlikely. Therefore, Plaintiff may proceed *ex parte* and provide notice promptly after a successful attachment.

Plaintiff seeks to attach Defendant's assets in the hands of non-parties. In order to attach Defendant's assets in the hands of non-parties, an order of attachment and garnishment is required. Plaintiff therefore respectfully requests that the Court issue an order authorizing process of maritime attachment and garnishment in order to secure Plaintiff in the Amended Judgment in the amount of $810,779.47.

## CONCLUSION

By reason of the foregoing, it is respectfully submitted this Court should issue an Order authorizing the issuance of Process of Maritime

Attachment and Garnishment pursuant to Supplemental Rule B(1) and Plaintiff should have such other and further relief as is just and proper in the circumstances.

Dated: New York, New York
September 20, 2007

NOURSE & BOWLES, LLP
Attorneys for Plaintiff

By: _____
John P. Vayda (JV-0239)
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200